WHAMOND v. NORTH SIDE BOARD OF TRADE IN CITY OF
NEW YORK.

(Supreme Court, Appellate Term, First Department.   October 23, 1913.)

CONTRACTS (§ 337*) — ACTIONS FOR BREACH — COMPLAINT — ALLEGATION OF
BREACH.

A complaint for breach of a contract, a copy of which was annexed
thereto, for the publication of a booklet, which alleges that defendant
abandoned and refused to perform the contract, does not state a cause
of action, where the complaint and the contract do not show that the de-
fendant was obligated to do any act which it has neglected or refused
to perform.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1682–1690;
Dec. Dig. § 337.*]

Appeal from City Court of New York, Special Term.

Action by Reginald Whamond against the North Side Board of Trade
in the City of New York.   From an order denying defendant's motion
for judgment on the pleadings, defendant appeals.   Order reversed.

Argued October term, 1913, before SEABURY, GUY, and BIJUR,
JJ.

Cornelius J. Earley, of New York City, for appellant.
Emile Pincus, of New York City, for respondent.

GUY, J.   This action is brought on an alleged contract, a copy of
which is annexed to and made part of the complaint, for the publica-
tion of an illustrated and descriptive booklet of the Bronx.   The com-
plaint alleges that defendant is a membership corporation; that one
Davis was chairman of its literature and publication committee; that
plaintiff submitted its proposal to publish a booklet to the chairman of
defendant's publication committee; that the committee recommended
the acceptance of the proposal; that defendant then authorized the
committee to accept the proposal; that the committee, through its
chairman, for and on behalf of defendant, duly accepted the proposal,
which it had authority to accept on defendant's behalf, and subsequent-
ly the defendant abandoned and refused to perform said contract.
The answer admits the incorporation of defendant, that Davis was
chairman of said committee, and that the committee recommended an
acceptance of plaintiff's proposal, and denies all other allegations of
the complaint.

These facts, as alleged in the complaint, when read in connection
with the contract, which is a part of the complaint, do not, however,
set up a cause of action.   Nowhere does it appear that by said con-
tract defendant was obligated to do any act or perform any duty which
it has neglected or refused to do or perform.   There being no duty to
perform, a mere allegation of refusal to perform does not constitute a
cause of action.

The order must therefore be reversed, with $10 costs and disburse-
ments, and the motion granted, with $10 costs, with leave to plaintiff
to serve an amended complaint within six days upon payment of costs
in this court and in the court below.   All concur.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes