WHAMOND v. NORTH SIDE BOARD OF TRADE.

(Supreme Court, Appellate Term, First Department.   June 18, 1914.)

CONTRACTS (§ 333*)—ACTIONS FOR BREACH—COMPLAINT.

In an action for breach of contract, the court should dismiss the complaint, where the contract as set forth did not show any binding obligation upon defendant.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1196, 1640–1657, 1659; Dec. Dig. § 333.*]

Appeal from City Court of New York, Trial Term.

Action by Reginald Whamond against the North Side Board of Trade. Judgment for plaintiff, and defendant appeals. Reversed, and complaint dismissed.

Argued June term, 1914, before SEABURY, BIJUR, and PAGE, JJ.

Cornelius J. Earley, of New York City, for appellant.

Emile Pincus, of New York City (William Kaufman, of New York City, of counsel), for respondent.

PER CURIAM.  The alleged contract which forms the basis of plaintiff's action was passed upon by the court on an appeal from an order denying defendant's motion for judgment thereon.  143 N. Y. Supp. 754.  This court then said:

"Nowhere does it appear that by said contract defendant was obligated to do any act."

The plaintiff has amended the complaint by attaching thereto as an exhibit an open letter from defendant's secretary to the effect that defendant was about to publish a booklet describing the attractions of the Bronx and that plaintiff was authorized to solicit the co-operation of the inhabitants of that section; that thereafter defendant through its publication committee co-operated with plaintiff to prepare for publication the advertising booklet which was the subject of the contract.  There is nothing in any of this to supply the element lacking in the agreement, namely, of any obligation undertaken by the defendant.

Defendant's motion for a dismissal of the complaint at the opening of the case should have been granted.

It may also be pointed out that, by the terms of the so-called agreement, the booklet to be published was to be "under the absolute control as to size, contents, and general make-up, etc., of the committee (of the defendant) having charge of these matters.  If the absence of any obligation on the part of the defendant, were it not already sufficiently clear, this condition voluntarily inserted in the agreement by plaintiff would of itself demonstrate that defendant's co-operation was intended to be purely voluntary and subject to its own control and decision from time to time.

It is also doubtful whether the rule laid down in Wakeman v. Wheeler & Wilson Co., 101 N. Y. 217, 4 N. E. 264, 54 Am. Rep. 676, is

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

broad enough to include the damages which plaintiff proved. That point need not, however, be further considered.

Judgment reversed, with costs, and complaint dismissed, with costs.